UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DARRYL J. GLOVER,

                Plaintiff,

                                                        **Hon. Hugh B. Scott**

        v.

                                                          11CV318A

                                                          **Report**
                                                           **&**
ADVENT TOOL & MOLD, INC., et al.,            **Recommendation**

                Defendants.

       This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 7). The instant matter before the Court is its sua sponte motion to transfer this action from Buffalo to Rochester.

## BACKGROUND

       This is a Title VII employment discrimination action by a Rochester plaintiff against Rochester defendants.

       Pursuant to the Amended Plan for the Disposition of Pro Se Cases (adopted and filed Oct. 1, 1996), Part I, C. ¶ 2, this case was venued in Buffalo and was referred to the undersigned (see Docket No. 7). The scheduling conference set for July 27, 2011 (Docket No. 11), was canceled on that date (Docket No. 12) to consider where this case ought to be heard.

## DISCUSSION

       Pursuant to this Court's Local Civil Rule 5.1(c), cases are assigned to a Judge either in "the Court's Buffalo Division . . . or its Rochester Division," id. Under that rule "the Court may

transfer cases from one division to another, sua sponte," id.; cf. 28 U.S.C. § 1412 (district court may transfer a case to another district in the interest of justice).

While this matter is not dispositive, cf. Williams v. Beemiller, Inc., 527 F.3d 259, 265 (2d Cir. 2008) (list of dispositive orders in 28 U.S.C. § 636(b)(1) held not to be exhaustive), this Court's Local Civil Rule 5.1(c) has "the Court" ordering the transfer of cases within the District. It is not clear whether a Magistrate Judge can by order transfer an action within the District. Local Civil Rule 1.2 defines "the Court" to include a "Magistrate Judge, unless the context requires otherwise." In interdistrict transfers, see 28 U.S.C. § 1412, Magistrate Judges have recommended the transfer by means of a Report & Recommendation since they involve dismissal of the initial case for commencement of the second action in the new jurisdiction, see, e.g., Kivo v. Oppenheimer & Co., No. 11 CV 3042, 2011 U.S. Dist. LEXIS 79292, at *1-2 (S.D.N.Y. July 15, 2011); K.M. v. Maclaren USA, Inc., No. 10 Civ. 7942, 2011 U.S. Dist. LEXIS 53377 (S.D.N.Y. Apr. 7, 2011) (Ellis, Mag. J.). An intradistrict transfer affects not only the referral assignment of the Magistrate Judge but it also affects the assignment to the District Judge. Thus, in this context "the Court" probably means the District Judge, who has plenary jurisdiction to assign or reassign cases. Out of an abundance of caution, this Report & Recommendation is being issued on this question.

Here, all the parties are based in Rochester, as is defense counsel. The events occurred in defendant Advent Tool & Mold's facility in Rochester. Only by the assignment procedure for pro se cases did this case get venued in Buffalo. Scheduling and resetting the scheduling conference (see Docket Nos. 9, 11) for this case (ultimately not held due to this venue issue) with the parties requesting to appear by telephone presented squarely to the Court the propriety of

hearing this case in Buffalo rather than Rochester. This case is more sensibly heard in that city rather than in Buffalo. Thus, this Court's sua sponte motion to transfer this case to Rochester and reassign it to Rochester-based District Judge and Magistrate Judge should be **granted**.

## CONCLUSION

Based upon the above, it is recommended that, upon this Court's sua sponte motion to transfer this action to Rochester be **granted**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate

Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

                                                */s/ Hugh B. Scott*
                                                Hon. Hugh B. Scott
                                       United States Magistrate Judge

Dated: Buffalo, New York
       August 12, 2011